## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. __1:21-cv-00644-NRN__

__ERIK T. ROBINSON_____, Plaintiff

v.

__CABLE NEWS NETWORK INC._____,

__CRIMSON LEAF LLC_____, Defendant(s).

_____

## PLAINTIFF'S SECOND AMENDED COMPLAINT
_____

### A.    PLAINTIFF INFORMATION

_Erik T. Robinson_____117 Lost Creek Ln Apt 23-B  Telluride, CO 81435___
(Name and complete mailing address)

_215-519-6589_____Erik1701x@AOL.com_____
(Telephone number and e-mail address)

### B.    DEFENDANT(S) INFORMATION

Defendant 1:    __CNN  -Brian Underwood- Attorney- One Atlantic Ctr.- 14th fl___
__1201 West Peachtree Stree NW, Atlanta, GA 30309-3471___
(Name and complete mailing address)

__404-572-6649_____brian.underwood@bclplaw.com___
(Telephone number and e-mail address if known)

Defendant 2:    __CRIMSON LEAF LLC____45 St. John Street, Goshen New York 10924___
(Name and complete mailing address)

__daniel@crimsonlf.com  845-651-0683 ,  henry@crimsonlf.com___
(Telephone number and e-mail address if known)

1

**C.     JURISDICTION**

 XX   Diversity of citizenship pursuant to 28 U.S.C. § 1332 (a matter between individual or
        corporate citizens of different states and the amount in controversy exceeds $75,000)

Plaintiff is a citizen of the State of  Colorado

Defendant #1 is incorporated under the laws of ____Delaware_____
Defendant #1 has its principal place of business in __Georgia_____

Defendant #2 is incorporated under the laws of ____Delaware_____
Defendant #2 has its principal place of business in _New York_____
  -Director/co-founder Henry Hsu is a citizen of __California_____
  -President/co-founder Daniel Law is a citizen of __New York_____
  (Note-Defendant-2 is an LLC and therefore jurisdiction is decided by the residency of their
principals. [see *Siloam Springs Hotel, LLC v. Century Sur. Co.,* 781 F. 3d 1233 (10th Cir. 2015)]
Whereas the principals reside in states other than the Plaintiff, Diversity Jurisdiction applies)

**STATEMENT OF AMENDMENTS MADE**

Plaintiff made the following changes to the first amended complaint:

-The switching of names for Defendant Crimson Leaf. It has recently been clarified that there is

both a corporation and an LLC owned by these parties, and that the original named defendant:

Crimson Leaf Inc., has been deactivated in New York on March 30th, 2021, which is apparently

late in coming because their Delaware corporation was dissolved in May of 2020. Their attorney

avers that the corporation was actually effectively dissolved in December of 2019 with the LLC

taking over the business.

-Defendant CNN has been renamed "Cable News Network" to reflect the full name of the

Defendant. However, Plaintiff may alternatively refer to them as "CNN"

-Defendant CNN has been served with the complaint and their attorney information is listed.

**D.     STATEMENT OF CLAIMS**

<u>**BACKGROUND**</u>

1-     Defendant Crimson Leaf placed advertising on the website of Defendant CNN.com.

These ads use plagiarized photos of houses/buildings depicted as being new senior housing in or

near Telluride, Colorado.  These ads link to what Plaintiff refers to as a "menu page"  which

have a menu of options, all of which link to other pages that features links for senior living

centers or links to pages that appear to be search results but are in fact effectively ads for the

same senior homes.

2-     The Plaintiff alleges this conduct violates multiple sections of the Colorado Consumer

Protection Act, CRS § 6-1-105 et seq., as well as the Colorado torts of Intentional Infliction of

Emotional Distress, Civil Conspiracy and Negligent Entrustment.

3-     The ad below was the headline banner of the CNN.com webpage on Sunday, September

13th, 2020.



4-     Google Image search did not reveal any matches for that building to any existing or

proposed buildings.  It is likely a "stock" image made by computer and available for generic use.

5-      The ad below was also on the headline CNN.com on September 13th, 2020.



6-      That building is not in or near Telluride.  Rather, it is in progress in the city of Taringa, Queensland, Australia, which is over 9,000 miles away.  The project is called Parque on Oxford Apartments, it is being sold by HB Property Group of  Queensland, Australia. (see below)



4

7-      Both of these ads link to the menu page below;  modernseniorslivingselection.live



8-      Selecting any one of the options above takes a viewer to another page on the same

website which has links to Sunshine Gardens and other sites. (see below).



9-      The top listing: Sunshine Gardens, operates three senior living centers, two in Durango,

Colorado and another in Crystal River, Florida. None are anywhere near Telluride as advertised.

10-    The ad below was seen on CNN.com on September 30th, 2020



11-    These houses are actually located on the 2100 block of Prytania Street in New Orleans, which is nowhere near Telluride as advertised.  The picture above is from 2015 when they were being sold and the photo below is from 2019.



12-     Clicking on the ad links to the menu page below.  It is similar in layout to the other one in

Para-7 except with a different color scheme.



13-     Any of the options above takes a viewer to another page of the same website which looks

similar to the other website in Paras 8-11.  At the top of the list is Vista Mesa, an assisted living

facility in Cortez, Colorado which is nowhere near Telluride, being some 76 miles/1.5 hours away

from Telluride.  Below the ad for Vista Mesa is another ad for Sunshine Gardens   (see below)



14-     The ad below was seen on CNN.com on November 3rd, 2020.  It is the same as the one depicted on Page-4 of this complaint.  As previously stated, it is not in or near Telluride but rather is located in Australia.



15-     The ad links to the menu page below, similar to that in Para-7.



16-     Any of the above options links to the search results page as seen below, similar to Para-8 which includes both Vista Mesa and Sunshine Gardens.



17-     The ad below was on CNN.com on November 3rd, 2020.



18-    It links to the menu page below, similar to the one in Para-12.



19-    The options above link to the advertisements below, including those for Sunshine

Gardens and Vista Mesa.



20-    The following ad was on CNN.com on November 4th, 2020.  It is the first to state that the housing depicted is "in" Telluride and not "near" it.



21-    The ad above links to the menu page below.



22-    The top entry, forrent.com,  is a legitimate search engine.  Symptomfind.com takes a

viewer to a set of bogus search results including an ad for Sunshine Gardens as the top result.



23-    The following ad was seen on November 4th, 2020 as well.  It is a new variation that does

not have any pictures and is more of a listing among other ads.



24-     The ad links to the menu page below.



25-     The options above link to the page below, ads for Sunshine Gardens and Vista Mesa



26-    The ad below was on CNN.com on November 5th, 2020.



27-    The building is actually located in Australia.  (see below)



28-    It links to the menu page below.



29-    Selecting any of the above menu items takes a viewer to the ads below that feature Vista Mesa and Sunshine Gardens.



30-    The ad below was on CNN.com on November 6th, 2020.



31-    The actual property is a senior center called Vivante in Costa Mesa, California.



32-    The ad links to the menu page below.



33-    Any of the above options link to the fake search results below, including for Vista Mesa.



34-    The ad below was on CNN.com on November 7th, 2020



35-    The building is actually in British Columbia, Canada. (see below)



36-     The ad below was on CNN.com on November 7th, 2020



37-     The ad on the last page links to the menu page below.



38-    Etour links to advertisements for Vista Mesa (see below)



39-    The ad below was on CNN.com on November 8th, 2020.  It is one of a few ads that say they are "in" Telluride rather than "near" Telluride.



40-    The building is actually located in Eugene, Oregon and was built by Six Degrees

Construction Company.  (see below)



41-    The ad links to the menu page below.



42-    The options link to search results including Sunshine Gardens and Vista Mesa.



43-    The ad below was on CNN.com on November 8th, 2020.



44-     The ad links to the menu page below.



45-     The above links to search results below that include Vista Mesa and Sunshine Gardens.



46-     The following ad was on CNN.com on November 9th, 2020.



47-    The ad links to the menu page below.



48-    The menu page links to search results below, including Vista Mesa.



49-    The ad below was on CNN.com on November 12th, 2020.



50-    The ad links to the menu page below with links for Vista Mesa and webpage Hiyo.com



51-    Hiyo.com has search results below advertising Vista Mesa.



52-    The ad below was on CNN.com on November 16ᵗʰ, 2020



53-    The ad links to the menu page below.  The list of options is much longer than usual but it is still one of the same styles as before.



54-    The menu page links to the page below which features Sunshine Gardens and Vista Mesa.



55-    The following ad was on CNN.com on November 17th, 2020.



56-    The ad links to the menu page below, same as seen in Para-50.



57-   The ad below was on CNN.com on November 18th, 2020



58-   The ad links to the menu page below, including an ad for Vista Mesa.



59-     The ad below was on CNN.com on November 18th, 2020.



60-     The ad above links to the menu page below with forrent.com and cf.hiyo.com as seen

before in Paras 53, 59



61-    The ad below was on CNN.com on November 22nd, 2020



62-    The ad links to the menu page below.  The website, bestseniorliving.website, is same as

on November 3rd, 2020 (see para-18)



63-   Any of the above options link to the page below which features Sunshine Gardens.



64-   The following ad was on CNN.com on November 22nd, 2020.



65-    The ad links to the menu page below.



66-    The page above links to fake search results below, including an ad for Sunshine Gardens.



67-    The ad below was on CNN.com on November 23rd, 2020



68-    It is actually a set of houses in the city of Mount Annan, New South Wales, Australia.  In addition, they are sold out and this is an old photo.  As a sidenote, Plaintiff has noticed a pattern of using photos from Australia, starting with the first photos used in Paras 5, 16, 28 and 55. Plaintiff is without sufficient information to form an opinion as to why.



69-     The ad links to the menu page below.



70-     The options link to the ads below featuring Sunshine gardens.



71-   The ad below was on CNN.com on November 24th, 2020.



72-   It links to the same Dealcowboys page seen before in Paras 50, 56, 60 and 65.



73-    Fastquicksearch links to fake search results featuring Sunshine Gardens.



74-    The ad below was on CNN.com on November 24th, 2020  It is the same as the house in

Paras- 39 and 40.



75-   The ad links to the menu page below.



76-   The menu page links to the page below featuring Sunshine Gardens.



77-    The ad below was on CNN.com on November 25th, 2020



78-    The ad links to the menu page below which includes links for Vista Mesa and the other

option, fastquicksearch.com links to fake search results.



79-    Fastquicksearch.com links to the page below with ads for Sunshine Gardens.



**CLAIM ONE:**        **Violation of Colorado Consumer Protection Act: CRS 6-1-105(1)(d)**
                      **Deceptive representations or designations of geographic origin.**
**Supporting facts:**

80-    The foregoing allegations are restated and incorporated by reference as if fully set forth.

81-    The Colorado Consumer Protection Act: CRS § 6-1-105(1)(d) holds that a violation

occurs when a party:

*"Uses deceptive representations or designations of geographic origin in connection with goods*

*or services;"*

82-    Plaintiff alleges that the Defendants placed advertisements that they know contain false

claims of geographic proximity to, or location inside of Telluride.  By doing so they are

knowingly making a false representation as to the geographic origins of the property, violating

CRS § 6-1-105(1)(d).

83-    Plaintiff is entitled to damages and costs per CRS 6-1-113(2)(a)(II) and (III)

**CLAIM TWO:**          **Violations of Colorado Consumer Protection Act; CRS 6-1-105(1)(f)**
                              **False claims of condition of goods**
**Supporting facts:**

84-      The foregoing allegations are restated and incorporated by reference as if fully set forth.

85-      The Colorado Consumer Protection Act: CRS § 6-1-105(1)(f)  states a violation occurs

when a party:  *"Represents that goods are original or new if he knows or should know that they*

*are deteriorated, altered, reconditioned, reclaimed, used, or secondhand"*

86-      The advertisements state that the senior housing is "new" when in fact it does not

even exist, thereby violating CRS § 6-1-105(1)(f).

87-      Plaintiff is entitled to damages and costs per CRS 6-1-113(2)(a)(II) and (III)

**CLAIM THREE:**      **Violations of Colorado Consumer Protection Act; CRS 6-1-105(1)(n)(I)**
                              **Bait and Switch**
**Supporting facts:**

88-      The foregoing allegations are restated and incorporated by reference as if fully set forth.

89-      The Colorado Consumer Protection Act: CRS § 6-1-105(1)(n)(I) states a violation occurs

when a party:

> *(n) Employs "bait and switch" advertising, which is advertising accompanied by an effort to sell goods, services, or property other than those advertised or on terms other than those advertised and which is also accompanied by one or more of the following practices:*
> *(I) Refusal to show the goods or property advertised or to offer the services advertised;*

90-      The Defendants are advertising goods and services not actually available.  Plaintiff also

avers he has contacted Sunshine Gardens and Vista Mesa to inquire about the properties depicted

and they have refused to show him those properties because they do not exist, proving the

violations of CRS § 6-1-105(1)(n)(I)

91-      Plaintiff is entitled to damages and costs per CRS 6-1-113(2)(a)(II) and (III)

**CLAIM FOUR:  Violations of Colorado Tort of Intentional Infliction of Emotional Distress.**

**Supporting facts:**

92-    The foregoing allegations are restated and incorporated by reference as if fully set forth.

93-    The conduct of the Defendants a violation of the Colorado State tort of Intentional

Infliction of Emotional Distress, which has a three point test:

> 1-The defendant engaged in extreme and outrageous conduct.
> 2-The defendant engaged in that conduct recklessly or with the intent to cause the plaintiff severe emotional distress.
> 3-the plaintiff suffered severe emotional distress as a result.

94-    Extreme and outrageous conduct is defined in Colorado law as follows:

*"Extreme and outrageous conduct is conduct that is so outrageous in character, and so extreme in degree, that a reasonable member of the community would regard the conduct as atrocious, going beyond all possible bounds of decency and utterly intolerable in a civilized community. Such outrageous conduct occurs when knowledge of all the facts by a reasonable member of the community would arouse that person's resentment against the defendant, and lead that person to conclude that the conduct was extreme and outrageous"* (see Colorado Supreme Court Jury Instructions, Chapter 23.2 Extreme and outrageous conduct- Defined)

95-    The Defendants use of plagiarized photos in a bait-and-switch scheme meant to exploit the

elderly, on a national and even international basis using CNN.com, is extreme and outrageous to

the point of being atrocious, exceeding any reasonable bounds of decency and leading the

Plaintiff, a reasonable member of the community, to have resentment against the defendants, and

for him to conclude that the conduct was extreme and outrageous, thereby meeting the first point

of the three point test.

96-    Acting Recklessly is defined in Colorado law as follows:

*"A person whose conduct causes severe emotional distress in another person has acted recklessly if, at the time, that person knew, or, because of other facts known to him or her, reasonably should have known that there was a substantial probability that his or her conduct would cause severe emotional distress in another person"* (see Colorado Supreme Court Jury Instructions, Chapter 23.3 Recklessly or with intent- Defined)

97-     The defendants knew, or should have known that this sort of scam was likely to be discovered and that those who were victimized or otherwise insulted at the attempt to victimize, would be caused emotional distress.  They therefore acted recklessly, fulfilling the second point.

98-     Severe Emotional Distress is defined by Colorado law as follows:

*"Severe emotional distress consists of highly unpleasant mental reactions, such as (nervous shock, fright, horror, grief, shame, humiliation, embarrassment, anger, chagrin, disappointment, or worry) and is so extreme that no person of ordinary sensibilities could be expected to tolerate and endure it. The duration and intensity of emotional distress are factors to be considered in determining its severity* (see Colorado Supreme Court Jury Instructions, Chapter 23.4 Severe Emotional Distress- Defined)

99-     The Plaintiff suffered severe emotional distress in the form of extreme anger and shock at the outrageous attempts to exploit the elderly, exhibited by the fact he has shared this information with law enforcement and also by filing this Federal lawsuit, thereby fulfilling the third point.

100-    Plaintiff is entitled to damages and costs, and pursuant to CRS § 13-21-102 because these acts were committed with malice and forethought, and with wanton disregard for the consequences, the Plaintiff is also entitled to Punitive Damages.

**CLAIM FIVE:  Violations of Colorado Tort of Civil Conspiracy**

**Supporting facts:**

101-    The foregoing allegations are restated and incorporated by reference as if fully set forth.

102-    The defendants, acted together, having full knowledge of the appearance of the advertisements and their unlawful nature.  As such, their conduct constitutes an act of Civil Conspiracy, which has a 5-point test:

     1- Two or more persons;
     2- acted with an object to be accomplished; and
     3- the persons involved were in agreement on the object or course of action; and
     4- they committed an intentional, unlawful overt act; and
     5- the act proximately resulted in damage to the Plaintiff.

103-   There are two parties, advertiser and a customer, fulfilling the first requirement.

104-   They acted in order to advertise a business, fulfilling the second requirement.

105-   The parties were aware of the advertisements to be run, fulfilling the third requirement.

106-   The parties were aware of the unlawful nature of the ads, fulfilling the fourth requirement.

107-   These acts were the cause of the Plaintiff's damages, fulfilling the fifth requirement.

108-   Plaintiff is entitled to damages and costs, and pursuant to CRS § 13-21-102, because these acts were committed with malice and forethought, and with wanton disregard for the consequences, the Plaintiff is also entitled to Punitive Damages.

**CLAIM SIX:**          **Negligent Entrustment by Defendant CNN**
**Supporting facts:**

109-   The foregoing allegations are restated and incorporated by reference as if fully set forth.

110-   The actions of Defendants meets the 5-element test for Negligent Entrustment as defined in Section 308 of the Restatement of Torts and in *Casebolt v. Cowan*, 829 P.2d 352 (1992):

> -Entrustment of a chattel
> -To an unfit trustee,
> -That they knew or should have known was unfit.
> -Proximate cause
> -Damages

111-   By selling advertising space to the other Defendants, CNN has fulfilled the first requirement of entrustment of a chattel.

112-   CNN entrusted the chattel to an unfit entrustee, one who was engaged in fraudulent business practices, thereby fulfilling the second requirement.

113-   CNN knew who the customers are should have known that the customers were running scams.  This would have easily been discerned if they had made even a reasonable effort to

review prospective ads.  They are therefore with knowledge or reason to know of the entrustee's unfitness, thereby fulfilling the third requirement.

114-    The combined actions of both Defendants were the proximate cause of the attempts to defraud Plaintiff, causing emotional distress, thereby fulfilling the fourth requirement.

115-    There are damages of Emotional Distress, thereby fulfilling the fifth requirement.

116-    Plaintiff is entitled to damages and costs per Colorado Revised Statutes § 13-21-102. Further, because these acts were committed with malice and forethought and wanton disregard for the consequences, Plaintiff is entitled to punitive damages.

**E.    REQUEST FOR RELIEF**

Plaintiff asks this court that judgment be entered as follows:

A-    Declaratory judgment that Defendant's conduct violates the Colorado Consumer
      Protection Act: CRS § 6-1-105(1)(d) and 105(1)(n).

B-    Statutory Damages- $36,000 (24 advertisements at $1,500 per ad with three violations at
      $500 each: one violation each of CRS § 6-1-105(1)(d), 105(1)(f) and 105(1)(n).

C-    Actual Damages- $1,000,000 for Severe Emotional Distress.

D-    Punitive Damages per CRS § 13-21-102 as this court sees fit to administer pursuant to
      *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003)

**JURY TRIAL DEMANDED**

  Pursuant to both Rule 38 of the Federal Rules of Civil Procedure, as well as the 7th Amendment of the United States Constitution, Plaintiff demands a jury trial for all claims triable as such.

**F.      PLAINTIFF'S SIGNATURE**

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct.  *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

 /s/ Erik T. Robinson                                         April 3rd, 2021
Plaintiff's signature                               Date

(Form Revised December 2017)

46